UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SETH HERNANDEZ,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>D. PARAMO,<br><br>　　　　　Respondent. | No. CV 15-05351-RSWL (DFM)<br><br>OPINION AND ORDER |

## I.

## BACKGROUND

On June 29, 2015, Petitioner Seth Hernandez ("Petitioner") filed a Petition for Writ of Habeas Corpus. Dkt. 1 ("Petition"). On August 14, 2015, this Court dismissed the Petition with leave to amend because its review of the Petition revealed that it suffered from several deficiencies. Dkt. 6. First, the Petition did not name a Respondent. Id. at 1. Second, it did not appear that Petitioner had exhausted any of the claims he raised in the Petition in the state courts, except for his claim that his due process rights were violated by admission of evidence of a later jail incident. Id. at 1-2 (citing Petition at 20). Third, it appeared to the Court that Petitioner's claims fell outside the one-year

limitation period established by 28 U.S.C. § 2244(d). Id. at 2-4. Finally, it appeared that the Petition was a mix of both a petition for writ of habeas corpus and a civil rights complaint, which may not be combined in a single habeas petition. Id. at 4-6.

In light of these pleading deficiencies, the Court ordered Petitioner to file a First Amended Petition within thirty-five (35) days of service of the Court's order. Id. at 6. The Court directed the Clerk to send Petitioner a blank copy of the Central District state habeas petition form. Id. The Court also expressly cautioned Petitioner that failure to file a timely First Amended Petition would result in a recommendation that this action be dismissed without prejudice for failure to prosecute. Id. at 7.

On October 7, 2015, the Court issued a Report and Recommendation recommending that the Petition be dismissed without prejudice for failure to prosecute as a result of Petitioner's failure to file a First Amended Petition by the deadline set by the Court in its August 14 order. Dkt. 8 at 1-2. On October 19, 2015, Petitioner filed a request for an extension of time to file objections to the Court's Report and Recommendation. Dkt. 10. On October 23, 2015, the Court granted Petitioner's request. Dkt. 11.

On November 23, 2015, Petitioner filed a First Amended Petition for Writ of Habeas Corpus. Dkt. 12 ("FAP"). On December 2, 2015, in light of the filing of the FAP, the Court vacated its October 7 Report and Recommendation. Dkt. 14. On December 10, 2015, this Court dismissed the FAP with leave to amend because its review of the FAP revealed that it suffered from several deficiencies. Dkt. 16. First, it does not appear that Petitioner has exhausted any of the claims he raises in the FAP in the state courts, except for his claim that his due process rights were violated by admission of evidence of a later jail incident. Id. at 2-3 (citing Petition at 20). Second, it appeared to the Court that Petitioner's claims fell outside the one-

year limitation period established by 28 U.S.C. § 2244(d). Id. at 3-5. Finally, it appears that the FAP is a mix of both a petition for writ of habeas corpus and a civil rights complaint, which may not be combined in a single habeas petition. Id. at 5-6.

In light of these pleading deficiencies, the Court ordered Petitioner to file a Second Amended Petition within thirty-five (35) days of service of the Court's order. Id. at 6. The Court directed the Clerk to send Petitioner a blank copy of the Central District state habeas petition form. Id. at 6-7. The Court also expressly cautioned Petitioner that failure to file a timely Second Amended Petition would result in a recommendation that this action be dismissed without prejudice for failure to prosecute. Id. at 7.

On January 29, 2016, Petitioner filed an Ex Parte Motion for Appointment of Counsel, Dkt. 18, and Request for Extension of Time asking for additional time to file his Second Amended Petition, Dkt. 19. On February 1, 2016, the Court denied Petitioner's Request for Appointment of Counsel and granted his Request for Extension of Time. Dkt. 20. The Court extended Petitioner's deadline to file a Second Amended Petition to March 11, 2016 and expressly cautioned Petitioner that "[n]o further extensions will be granted absent a specific showing of what circumstances have prevented Petitioner from making a timely filing." Id.

**The deadline for Petitioner to file his Second Amended Petition has now elapsed. Petitioner has not filed a Second Amended Petition. Nor has Petitioner sought an additional extension of time to do so.**

## II.
## DISCUSSION

This action should be dismissed without prejudice. The FAP is defective for the reasons stated in the Court's December 10, 2015 Order Dismissing First Amended Petition with Leave to Amend. See Dkt. 16. Petitioner has not filed

a Second Amended Petition in compliance with the December 10 Order or the Minute Order filed February 1, 2016, which granted Petitioner's request for an extension of time to file a Second Amended Petition. See Dkt. 20. Nor has Petitioner requested an additional extension of time to do so. The Court has inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute and/or failure to comply with a Court order. See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Fed. R. Civ. P. 41(b). Additionally, the undersigned Magistrate Judge has jurisdiction to dismiss this action without prejudice because Petitioner filed an Election Regarding Consent to Proceed Before a United States Magistrate Judge on November 23, 2015. See Dkt. 15. In so doing, Petitioner voluntarily consented to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment.[1] See id.

---

[1] "Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Here, Petitioner is the only "party" to the proceeding and has consented to the jurisdiction of the undersigned U.S. Magistrate Judge. Respondent has not yet been served and therefore is not yet a party to this action. See, e.g., Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4."). Thus, all parties have consented pursuant to § 636(c)(1). See Wilhelm v. Rotman, 680 F.3d 1113, 1119-21 (9th Cir. 2012) (holding that magistrate judge had jurisdiction to sua sponte dismiss prisoner's lawsuit under 42 U.S.C. § 1983 for failure to state claim because prisoner consented and was only party to the action); Carter v. Valenzuela, No. 12-05184, 2012 WL 2710876, at *1 n.3 (C.D. Cal. July 9, 2012) (after Wilhelm, finding that magistrate judge had authority to deny successive habeas petition when petitioner had consented and respondent had not yet been served with petition); see also Bilbua v. Los Angeles Sup. Ct., No. 15-3095, 2015 WL 1926014, at *1 (C.D. Cal. Apr. 27, 2015).

In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." See Carey, 856 F.2d at 1440.

Here, the Court finds that the first, second, and fifth Carey factors militate in favor of dismissal. As a result of Petitioner's failure to file a Second Amended Petition correcting the deficiencies of the FAP, this action has been and will continue to be stalemated. Moreover, it does not appear to the Court that there are any less drastic sanctions available for the Court to impose. While the Court finds that the third and fourth Carey factors do not support dismissal, the Court has concluded that the other factors in this instance outweigh the third and fourth factors.

## III.
## CONCLUSION

IT THEREFORE ORDERED that this action is dismissed without prejudice.

Dated: April 11, 2016

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

5